MARGOT E. AGHNIDES, Appellant, v. ELIE P. AGHNIDES, Respondent.— Orders unanimously modified, without costs, to the extent of granting plaintiff a counsel fee in the amount of $2,500, plus her disbursements. No opinion. Settle order on notice. Present — Peck, P. J., Dore, Callahan, Breitel and Botein, JJ.

In the Matter of the Arbitration between PELTZER & FILS, S. A., Appellant, and BEN H. ARONSON & SON, INC., Respondent.— Order unanimously reversed. Respondent is directed to proceed to arbitration and stayed from proceeding with its counterclaim in the Municipal Court action. The Municipal Court action was brought on an October, 1952, contract between the parties, while the arbitration is sought on an April, 1953, contract. Furthermore, the arbitration proceeding was commenced before the court action was instituted. The contract dated April 28, 1953, containing an arbitration clause, is still effective, since the May 16, 1953, document tendered to respondent was, by its own admission, unreservedly rejected. Settle order on notice. Present — Callahan, J. P., Breitel, Bastow, Botein and Bergan, JJ.

In the Matter of the Arbitration between MY-MILL CO., INC., Appellant, and MANNING HALPERT et al., Doing Business as ALL-FAB SALES CO., Respondents. In the Matter of the Arbitration between MANNING HALPERT et al., Respondents, and GEORGE FEINBERG et al., Appellants.— The arbitrators' award, on its face, would appear to allow the so-called "counterclaim" as against My-Mill Co., Inc., only. The title of this award makes no mention of George Feinberg or Arthur Feinberg, although they had been made parties to the arbitration by respondents' demand of July 9, 1953. Respondents themselves evidently entertained the view that this award had limited operative effect, for in entering judgment they stated that their claim against the Feinbergs and My-Mill Co., Inc., was allowed "against My-Mill Co. Inc. only". Furthermore, appellants assert that at no time during the arbitration was any request made of the arbitrators that relief be granted against the Feinbergs. While there is substance to respondents' contention that the arbitrators intended to allow their award against the individuals as well as My-Mill Co., Inc., the language they employed is equivocal. The arbitrators' intention is not so clearly indicated upon this record to warrant a holding that the omission of the individual names of the Feinbergs was a mere oversight in the preparation of the award. The order of Special Term is unanimously modified to the extent of remanding the matter to the original arbitrators, for the sole purpose of indicating the party or parties against whom the so-called counterclaim is allowed and, as so modified, affirmed. Settle order on notice. Present — Peck, P. J., Dore, Cohn, Botein and Bergan, JJ.